United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS UTRIZ RODRIGUEZ, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-08720 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Juan Carlos Utriz Rodriguez filed a petition for writ of *habeas corpus* under 28 USC §2241 on October 5, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges having filed a prior petition that was dismissed with prejudice on July 29, 2026, and which is currently pending on appeal. Id at 2. He nonetheless contends that his ongoing detention violates the Due Process Clause of the Fifth Amendment. Id at 3.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider *prejudice* when a petitioner fails to show cause. Id at 118.

Petitioner's prior petition was filed through counsel on July 28, 2026. It alleged that his detention under 8 USC §1225(b)(2)(A) violated (i) the Fourth Amendment, and (ii) the Due Process Clause of the Fifth Amendment. See *Utriz Rodriguez v Tate, et al*, 4:26-cv-06004 (SD Tex) at Dkt 1. That petition was dismissed with prejudice on its merits on July 29, 2026. Id at Dkt 4. Petitioner filed a *pro se* notice of appeal on August 12, 2026. Id at Dkt 5. That appeal remains pending. See *Utriz Rodriguez v Tate, et al*, No. 26-20475 (5th Cir).

The current petition was filed *pro se*. It alleges that Petitioner (i) was detained after police responded while he was inspecting a mechanical issue with his vehicle on the side of the road, (ii) was never told of the basis for his

detention, (iii) has no criminal record, and (iv) isn't a danger to the community. Dkt 1 at 1–3. He maintains that his detention is without legal basis and thus violates the Due Process Clause. Id at 3. He seeks determination of whether his detention is lawful and an order for his release if it isn't. Id at 3.

This claim was raised in the prior petition. Petitioner alleges no changed circumstances that would warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating cause for not raising any potential new claim in his prior petition. The failure to show such cause requires dismissal of his current petition for abuse of the writ.

The failure to show *cause* also dispenses with the need to consider *prejudice*. Even so, and going further, Petitioner's claims were previously rejected by the undersigned because the record showed that he's lawfully detained under 8 USC §1225(b)(2)(A) and may remain so until the conclusion of his immigration proceedings. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (holding that procedural due process doesn't require individualized custody determination beyond mandate of §1225(b)(2)(A)); *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period as articulated with respect to post-removal-order detention in *Zadvydas v Davis*, 533 US 678 (2001)); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time). Petitioner thus can't show *prejudice*, even if his current claims are considered on their merits.

Having failed to allege facts showing either cause or prejudice, Petitioner isn't entitled to file a second petition. His petition will thus be dismissed with prejudice as an abuse of the writ.

* * *

The petition for writ of *habeas corpus* by Petitioner Juan Carlos Utriz Rodriguez is DISMISSED as an abuse of the writ. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on October 7, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge